NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1745
_____

UNITED STATES OF AMERICA

v.

GERALD BLACK,
            Appellant

_____

On Appeal from the United States District Court
for the
Western District of Pennsylvania
(D.C. Crim. No. 06-101)
District Judge: Terrence F. McVerry
Submitted Under Third Circuit L.A.R. 34.1(a)
on May 18, 2010

Before: FUENTES, HARDIMAN, AND NYGAARD, Circuit Judges.

(Opinion Filed: July 7, 2010)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Defendant Gerald Black was convicted of unlawful possession of ammunition and

firearms by a convicted felon. The District Court, following an evidentiary hearing,

determined that Black used his firearm in connection with another felony offense and

1

applied a four-level enhancement to his sentence, pursuant to U.S.S.G. § 2K2.1(b)(6) (2006). On appeal, Black challenges the court's application of this enhancement. He also challenges a two-level enhancement to his sentence under U.S.S.G. § 2K2.1(b)(4)(A) for possession of a stolen firearm. For the reasons that follow, we will affirm the sentence imposed by the District Court.

I.

Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case. On July 16, 2005, at approximately 1:30 a.m., Gerald Black ("Black") appeared at the home of his estranged wife, Tina Black ("Tina"). He pulled out a handgun and put it to her side, telling her that they were going to talk. As Black led her into the house, Tina furtively signaled to her neighbor to call the police. Black took away Tina's cell phone and insisted that he would kill both Tina and himself if the police came. Awakened by the loud argument that ensued, their five-year-old daughter Hannah entered the room. Sometime thereafter, William Mares ("Mares"), a friend of Black's, called Tina's cell phone and spoke with Black. Mares later arrived at the house and asked Black to give him the handgun. After a brief argument, Black told Mares to take Hannah and leave. Black later allowed Tina to leave as well, telling her that he was going to kill himself and set the house on fire.

Tina related these events to a City of Pittsburgh police officer who responded, at approximately 2:00 a.m., to a 911 domestic disturbance call. Roughly one hour later, a City of Pittsburgh police negotiator arrived on the scene. Black, who had barricaded

himself in the home, made numerous threats to the negotiator, including that he would blow up the house or burn it down. The negotiator witnessed Black crawl out onto the roof and repeatedly put a gun in his mouth or to his head. Negotiations lasted for approximately seven hours, after which Black surrendered to the police. The firearm had one live round in the chamber. It had been reported stolen in 1993.

On October 12, 2006, Black pled guilty to violating 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon. There was no plea agreement. The District Court ordered a Presentence Investigation Report ("PSR"), which calculated Black's base offense level as 20. The PSR added 4 levels for using or possessing a firearm in connection with another felony offense, as provided by U.S.S.G. § 2K2.1(b)(6),[1] and another 2 levels pursuant to U.S.S.G. § 2K2.1(b)(4)(A) for possession of a stolen firearm. After a three-level deduction for timely acceptance of responsibility, the total offense level was 23. Based on Black's criminal history category of IV, this resulted in a guideline range of 70 to 87 months.

The District Court conducted an evidentiary hearing on January 18, 2007 to determine whether, pursuant to U.S.S.G. § 2K2.1(b)(6), Black actually "used or possessed" the firearm "in connection with another felony offense." Based upon the

---

[1] Although it stated it was using the 2006 edition of the Guidelines Manual, the PSR referenced U.S.S.G. § 2K2.1(b)(5), the identical provision in the 2005 edition. The parties also refer to U.S.S.G. § 2K2.1(b)(5) throughout their briefs. We will, instead, refer to § 2K2.1(b)(6), the relevant provision in the Guidelines Manual in effect at the time of sentencing.

evidence, the court affirmed its earlier tentative findings on the issue. On January 23, 2007, the court sentenced Black to a term of 70 months imprisonment.

On appeal, Black challenges both the application of the four-level enhancement for possession of a firearm in connection with another felony and the two-level enhancement for possession of a stolen firearm. With respect to the four-level enhancement, Black argues that, because he was never charged or convicted for the felony charges related to the enhancement, the court violated his due process rights. With respect to the two-level enhancement, Black argues the he did not know the firearm was stolen and challenges the court's strict liability application of the enhancement.

II.

**A. Use of a firearm in connection with another felony**

The four-level enhancement under U.S.S.G. § 2K2.1(b)(6) was related to charges of simple assault, unlawful restraint, and receiving stolen property.[2] These charges were *nolle prossed*. As a result, Black neither pled guilty nor admitted to any of the charges, nor was he tried on any of them. Black challenges the reliance on these offenses for the

_____

[2] Under Pennsylvania statute, simple assault is a Misdemeanor 2 offense. 18 Pa. Cons. Stat. § 2701. The crimes of unlawful restraint and receiving stolen property are both Misdemeanor 1 offenses. 18 Pa. Cons. Stat. §§ 2902, 3903, 3925. However, the commentary to U.S.S.G. § 2K2.1 provides that an offense is treated as a "felony conviction" if it is punishable by "imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 2K2.1 cmt. n.1 (2009). Since Misdemeanor 1 and 2 offenses are punishable for terms of up to five and two years respectively, 18 Pa. Cons. Stat. § 1104, these crimes were treated as felony offenses pursuant to § 2K2.1(b)(5).

purpose of sentencing enhancement as a violation of his due process rights, arguing that the Court did not prove beyond a reasonable doubt that he was guilty of the offenses.

In our en banc decision in *United States v. Grier*, 475 F.3d 556 (3d Cir. 2007), we held "that facts relevant to the advisory United States Sentencing Guidelines . . . do not require proof beyond a reasonable doubt." *Id.* at 559. Since courts are not bound by the Guidelines, additional facts related to sentencing enhancements are not treated as "elements" of a crime because they do not increase the maximum sentence a defendant may receive. 475 F.3d at 564. Relying on *United States v. Booker*, 543 U.S. 220, 233, 259 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466, 480 (2000), we held that "the right to proof beyond a reasonable doubt does not apply to facts relevant to enhancements under an advisory Guidelines regime." 475 F.3d at 565. Accordingly, the District Court was required to apply a "preponderance of the evidence" standard to its factual determination that Black committed "another felony offense" in relation to the offense at bar. 475 F.3d at 561.

Reviewing for clear error, *id.*, we find that there was sufficient evidence to determine that Black committed simple assault. Pennsylvania law defines simple assault as an "attempt[] by physical menace to put another in fear of serious bodily injury." 18 Pa. Cons. Stat. § 2701(a)(3). Police reports and the testimony of two City of Pittsburgh police officers revealed that Defendant Black repeatedly pointed his handgun at Tina and threatened to kill her. These reports were deemed "to be true, correct, credible, honest, forthcoming, [and] done contemporaneously with [the police officers'] observations of

5

the incidents which occurred." (Supp. App. 129.) The District Court gave adequate reason for discrediting conflicting testimony by Tina Black and Bill Mares, citing the strong possibility of bias in favor of the Defendant. The court's factual finding was not clearly erroneous. 475 F.3d at 569-70. Nor was the court's sentence unreasonable. 543 U.S. at 261. Accordingly, we affirm the District Court's use of the four-level enhancement.

**B. Use of a stolen firearm**

Additionally, Black challenges the District Court's application of a two-level sentencing enhancement for possession of a stolen firearm. U.S.S.G. § 2K2.1(b)(4)(A). Black claims that he was unaware the handgun was stolen and contends that the statute's lack of a scienter requirement is unconstitutional. Because Black did not raise this issue at the District Court level, we review for plain error. *United States v. Olano*, 507 U.S. 725, 732-35 (1993).

We have previously considered and rejected similar arguments. In *United States v. Mobley*, 956 F.2d 450 (3d Cir. 1992), we found that strict liability application of the enhancement did not violate the Due Process Clause and was rationally related to the Congressional aim of regulating illegal arms sales. *Id.* at 453-59.

Black relies on a recent decision from the Eastern District of New York, *United States v. Handy*, 570 F. Supp. 2d 437 (E.D.N.Y. 2008), which held that, in light of *Booker* and *Apprendi*, the absence of a *mens rea* requirement in U.S.S.G. § 2K2.1 is unconstitutional. We do not find *Handy* to be persuasive. Moreover, we note that our sister circuits have continued to uphold the strict liability application of § 2K2.1(b)(4)

6

post-*Booker*. *See United States v. Perez*, 585 F.3d 880, 883 (5th Cir. 2009) ("This court has continually enforced the clear and unambiguous language of §2K2.1(b)(4) and its strict liability standard."); *United States v. Statham*, 581 F.3d 548, 553-54 (7th Cir. 2009) ("[Defendant] need not have known that serial numbers had been removed from the weapons."); *United States v. Brown*, 514 F.3d 256, 269 (2d Cir. 2008) (same); *see also United States v. Ellsworth*, 456 F.3d 1146, 1148 (9th Cir. 2006) (upholding distinction between sentencing enhancement for stolen explosives, which has scienter requirement, and enhancement for stolen firearm, which lacks scienter requirement); *United States v. Webb*, 403 F.3d 373, 384 n.7 (6th Cir. 2005) (quoting *United States v. Murphy*, 96 F.3d 846, 849 (6th Cir. 1996)) (holding that "[a] statute may provide criminal liability without *mens rea* consistent with due process if it is a regulatory measure in the interest of public safety").

Accordingly, we find that our decision in *Mobley* remains proper and that the strict liability standard of §2K2.1(b)(4) does not violate Due Process. As such, we affirm the District Court's application of the two-level enhancement for possession of a stolen firearm.