NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-2069

———————

UNITED STATES OF AMERICA

v.

ERIC DEMOND HOLCOMB,

Appellant

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. No. 2-07-cr-00400-001)
District Judge: Honorable Maurice B. Cohill, Jr.

———————

Submitted under Third Circuit LAR 34.1(a)
on July 13, 2010

Before: FUENTES, ALDISERT and ROTH, Circuit Judges
(Opinion filed: August 13, 2010)

———————

O P I N I O N

———————

ALDISERT, Circuit Judge.

Eric Demond Holcomb appeals from a judgment of conviction and sentence

entered by the U.S. District Court for the Western District of Pennsylvania. Holcomb

argues that he did not knowingly, intelligently and voluntarily enter his guilty plea

because the District Court failed to inform Holcomb of his maximum sentencing exposure at the Change of Plea Hearing, in violation of Federal Rule of Criminal Procedure 11(b)(1)(H). He additionally argues that the Court exceeded the permissible bounds of its discretion by giving presumptive weight to the United States Sentencing Guidelines ("Guidelines"), such that his 188-month sentence was procedurally and substantively unreasonable. Finally, Holcomb argues for the first time on appeal that the Court erred when it applied the U.S.S.G. § 2K2.1(b)(4)(A) stolen-weapon enhancement because the United States Sentencing Commission did not develop § 2K2.1(b)(4)(A) through its characteristic institutional role. For the reasons that follow, we will affirm.[1]

I.

Because the parties are familiar with the facts and proceedings in the District Court, we will recite them only as necessary to the discussion.

On April 22, 2004, in California, Pennsylvania, a California Borough Police Officer chased a man wearing a green "88 MOSS" Eagles jersey whom witnesses reportedly observed carrying a handgun. Although the man evaded pursuit, the officer retraced the chase path and recovered a Hipoint Model C .9mm pistol. Witnesses described the suspect as "Eric . . . from Brownsville," and the officer positively identified Holcomb after obtaining a photo from the Brownsville Police. App. 26-27. These events

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

served as the basis for Count One of Holcomb's Indictment. App. 30.

On May 25, 2004, Fayette County Adult Probation detained Holcomb during a parole search of his Orchard Street home and called for assistance from the California Borough Police. In Holcomb's home, police discovered three firearms, ammunition, cocaine, scales, $1701 in currency, and the green Eagles "88 MOSS" jersey Holcomb allegedly wore during the April 22 chase. Police later discovered that the .40 caliber Smith and Wesson pistol recovered in Holcomb's house had been stolen. App. 24-25, 105-106. The police arrested Holcomb, and these events served as the basis for Count 2 of the Indictment. App. 31.

A grand jury indicted Holcomb on November 13, 2007, for two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). See App. 30-31. The Indictment Memorandum stated that, "as to each count," Holcomb would face "[a] term of imprisonment of not more than ten (10) years," but "if it is determined that [Holcomb] has three previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment." Supplemental App. 2.

On November 15, 2007, at Holcomb's arraignment, counsel for the Government repeated the information about Holcomb's maximum sentencing exposure stated in the Indictment Memorandum. See App. 36. Holcomb indicated he understood and he

3

subsequently entered a plea of not guilty. App. 36-37. Holcomb's counsel also informed the court that he had "gone over the indictment with [his] client." App. 37.

Holcomb later decided to plead guilty, and the Court held a Change of Plea Hearing on January 12, 2009. During the Hearing, Holcomb answered affirmatively when the judge asked him if he had "received a copy of the indictment" and understood he was "charged with two counts." App. 57. Of particular import, the judge advised him that "the statute calls for a term of not more than ten years," without explicit mention of the two counts. App. 59. The judge then informed Holcomb he could face a sentence of 15 years to life if found to be an armed career criminal, and that his maximum sentencing exposure could not be determined until the Probation Office issued a final pre-sentence investigation report. See App. 59-63. Holcomb pled guilty and the Court accepted his plea. App. 66-67.

Following issuance of the final Pre-Sentence Investigation Report ("PSR"), both parties made objections to the report prior to the Sentencing Hearing. Most importantly, the Government noted "[t]he statutory maximum term of imprisonment . . . should be changed from 10 years to 20 years. The defendant was convicted of counts one and two of the indictment. A ten-year statutory maximum term of imprisonment applies to each of those counts." App. 70. The probation officer agreed her statement was erroneous and filed an addendum to the final PSR to correct the mistake. See Appellee's Br. 11; Appellant's Br. 13-14.

4

The Court ruled on the objections at Holcomb's Sentencing Hearing on April 2, 2009, and concluded that Holcomb's offense level was 31, his Criminal History Category was VI, and that the Guidelines called for a sentencing range of 188 to 235 months' imprisonment. App. 116. The Court then engaged in an analysis of the 18 U.S.C. § 3553(a) factors. App. 116, 119-120. After addressing each factor, the judge sentenced Holcomb to a term of 188 months' imprisonment, including 120 months on Count One, and 68 months on Count Two, to be served consecutively, and a term of three years of supervised release. App. 119. Holcomb filed a timely notice of appeal on April 13, 2009.

## II.

## A.

Holcomb first contends that he did not knowingly, intelligently and voluntarily enter his guilty plea because the Court failed to inform him of his maximum sentencing exposure during the Change of Plea Hearing, in violation of Rule 11(b)(1)(H).[2] Because Holcomb did not raise the issue before the District Court, we apply plain error review. United States v. Vonn, 535 U.S. 55, 58-59 (2002).

We use a four-prong analysis to determine whether the Court committed reversible plain error in violation of Rule 11. A defendant must show that "(1) an error was

_____

[2] "Before the court accepts a plea of guilty . . . the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands . . . any maximum possible penalty, including imprisonment, fine, and term of supervised release." Rule 11(b)(1)(H), Federal Rules of Criminal Procedure.

committed; (2) the error was plain . . . and (3) the error affected the defendant's substantial rights." United States v. Hodge, 412 F.3d 479, 488 (3d Cir. 2005) (citations and quotations omitted). If the defendant meets the first three elements, then "an appellate court in its discretion may order a correction if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citation and quotation omitted).

The record contains overwhelming evidence establishing that the Court's omissions at the Change of Plea Hearing did not prejudice Holcomb's substantial rights, and we therefore need not reach the remaining prongs of the plain error test. To demonstrate prejudice to his substantial rights, Holcomb must show a reasonable probability that the Rule 11 violation was the but-for cause of his decision to plea. See United States v. Hall, 515 F.3d 186, 194 (3d Cir. 2008). Holcomb cannot show such a reasonable probability if he was aware of the omitted information through other means. Compare United States v. Dominguez Benitez, 542 U.S. 74 (2004) (finding no prejudice to appellant's substantial rights because appellant already knew the omitted information through other means), with United States v. Rivera-Maldonado, 560 F.3d 16 (1st Cir. 2009) (finding prejudice to appellant's substantial rights because of repeated errors regarding appellant's maximum sentencing exposure). The record demonstrates that Holcomb knew of his maximum sentencing exposure, notwithstanding the Court's alleged failure to explicitly communicate that information. Both the Indictment Memorandum and

arraignment unequivocally informed Holcomb that he was indicted for two counts, and faced a maximum penalty of 10 years for each count. See Supplemental App. 2; see also App. 35-36. Holcomb has not overcome the evidence in the record indicating that at the time of pleading he remembered this information. See Vonn, 535 U.S. at 75. Nor can Holcomb rely on the erroneous PSR to show prejudice. First, following the Government's objection to the mistakes, the probation officer corrected the errors before sentencing. See App. 70; see also Appellee's Br. 11; Appellant's Br. 13-14. Second, the probation officer wrote the final PSR after Holcomb pled guilty, so it could not have been the but-for cause of his decision to forego trial. See Hall, 515 F.3d at 194. We conclude that Holcomb did not show prejudice to his substantial rights and therefore cannot establish reversible plain error in violation of Rule 11.

## B.

Holcomb next argues that the District Court gave the Guidelines presumptive weight such that Holcomb's 188-month sentence was procedurally and substantively unreasonable. We review the procedural and substantive reasonableness of the Court's sentence for abuse of discretion, by determining whether the Court engaged in a "rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Tomko, 562 F.3d 558, 567-568 (3d Cir. 2009) (quotation and citation omitted).

We hold that the Court properly considered the § 3553(a) factors and imposed a sentence that was both procedurally and substantively reasonable. During Holcomb's

7

Change of Plea Hearing, the judge announced that the Guidelines are merely advisory, App. 61, and during Holcomb's sentencing, the judge acknowledged he "must consider the factors set out in 18 United States Code, Section 3553(a)," App. 116. The Court then applied each factor, noting Holcomb's "extensive criminal history" alongside his completion of college courses and struggle with substance abuse. App. 120. Holcomb's bottom-of-the-Guidelines sentence was eminently reasonable, not least because, in Judge Cohill's words, "in terms of criminal history, [Holcomb's case is] certainly one of the worst that I've seen in terms of total number of run-ins with the law." App. 115. Accordingly, we conclude that the Court did not exceed the permissible bounds of its discretion when it sentenced Holcomb to 188 months' imprisonment.

C.

Holcomb finally argues that the Court erred when it applied the § 2K2.1(b)(4)(A) stolen-weapon enhancement because the Sentencing Commission did not develop § 2K2.1(b)(4)(A) through its "characteristic institutional role." Appellant's Br. 48. We again apply plain error review because Holcomb did not raise this contention before the District Court. See United States v. Russell, 564 F.3d 200, 203-204 (3d Cir. 2009).

We hold that the Court did not commit plain error when it applied the § 2K2.1(b)(4)(A) sentencing enhancement. Holcomb argues that Kimbrough v. United States, 552 U.S. 85 (2007), requires the sentencing court to at least consider disregarding § 2K2.1(b)(4)(A) because its strict liability aspect lacks an empirical basis and therefore

the Sentencing Commission did not develop the Guideline through its "characteristic institutional role." See Appellant's Br. 48-56. Kimbrough does not control this case, however, because Kimbrough reinstated a below-the-Guidelines sentence for crack cocaine possession in light of "the particular circumstances of Kimbrough's case and . . . the Sentencing Commission's consistent and emphatic position that the crack/powder disparity is at odds with 3553(a)." Kimbrough, 552 U.S. at 111. By contrast, the Sentencing Commission has expressed no such concern for § 2K2.1(b)(4)(A). Consequently, Kimbrough does not disturb our prior holding that § 2K2.1(b)(4)(A) "is a sentencing factor courts properly consider[]," notwithstanding its lack of a scienter requirement. See United States v. Mobley, 956 F.2d 450, 459 (3d Cir. 1992). Accordingly, we conclude the District Court did not commit plain error when it applied § 2K2.1(b)(4)(A).

*****

We have considered all the contentions raised by the parties and conclude that no further discussion is necessary.

The judgment of the District Court will be affirmed.

9