**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0342n.06

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

*Apr 05, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| RYAN K. KLEPPER, | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE:  GIBBONS and WHITE, Circuit Judges; COHN, District Judge.[*]

PER CURIAM.  Ryan K. Klepper, a federal prisoner, appeals through counsel the sentence imposed following his 2011 guilty plea to charges of receiving and transporting child pornography.

At the sentencing hearing, the district court first calculated the sentencing guidelines range. The court declined to apply one of the enhancements recommended by the presentence report, for use of a computer (R.E. 26, pp. 5-6), but otherwise adopted the report's conclusions.  The guidelines sentencing range was calculated to be 168 to 210 months.  Defendant presented the testimony of a physician who had been hired as an expert to examine him, who concluded that Klepper was borderline mentally retarded and suffered from ADHD and depression (R.E. 26, pp. 13-16).  The district court discussed the sentencing factors, particularly the seriousness of the offense (R.E. 26,

---

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

pp. 31-32). He opined that the sentencing guidelines range of fourteen to seventeen and one half years was greater than necessary, but that the mandatory minimum of five years was insufficient, and imposed a sentence of 97 months, which the court concluded would provide sufficient punishment, deterrence, and rehabilitation (R.E. 26, pp. 33-34).

On appeal, Klepper argues that his sentence is procedurally unreasonable because the court imposed enhancements for depiction of prepubescent children, for the number of depictions involved, and for the depiction of sadism or masochism. He also argues that his sentence is substantively unreasonable because the district court imposed a longer sentence to promote rehabilitation.

We review sentences for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. Here, Klepper argues that the district court procedurally erred in applying several enhancements, but he made no such objection below, so we review for plain error. *See United States v. Simmons*, 587 F.3d 348, 357–58 (6th Cir. 2009). Klepper advances no argument in support of his claim that the district court's application of the enhancements amounted to "double-counting," and it is not apparent that the depiction of prepubescent children, the number of depictions, and the depiction of sadism or masochism are overlapping in any sense. Instead, he argues that the application of these enhancements, set forth in USSG § 2G2.2, is necessarily error, relying on the criticism of the

enhancements in *United States v. Dorvee*, 616 F.3d 174, 186-87 (2d Cir. 2010). However, the Second Circuit has relied on *Dorvee* only for the proposition that a judge may give a non-guidelines sentence for the reasons discussed. *United Sates v. Salim*, 690 F.3d 115, 126 (2d Cir. 2012), *cert. denied,* 133 S.Ct. 901 (2013). The district court here plainly recognized its authority to reject application of the enhancements, as it did with regard to the enhancement for use of a computer. Other courts, including our own, have noted that a district court may vary from the guidelines based on a policy disagreement, but is not required to do so. *See United States v. Hammonds*, 468 F. App'x 593, 598 (6th Cir. 2012) (unpublished); *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011). Here, the district court properly calculated the sentencing guidelines range and then granted Klepper a significant reduction to slightly over half the bottom of the range. No plain error has been demonstrated.

If no procedural error occurred, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51. "[A] sentence may be substantively unreasonable if the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or unreasonably weighs a pertinent factor." *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011), *cert. denied,* 131 S.Ct. 3077 (2011). Klepper argues that the district court impermissibly imposed a longer sentence to promote rehabilitation, citing *Tapia v. United States*, 131 S.Ct. 2382, 2385 (2011). In *Tapia*, the sentencing court stated that it was imposing a sentence lengthy enough to allow the defendant to complete a prison rehabilitation program. No such discussion took place in this case. Therefore, Klepper has no basis for challenging his sentence based on *Tapia*. The sentence is substantively reasonable.

Accordingly, the district court's judgment is affirmed.