**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0147n.06

No. 19-3186

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 12, 2020
DEBORAH S. HUNT, Clerk

|                                 |     |                               |
| ------------------------------- | --- | ----------------------------- |
| UNITED STATES OF AMERICA,       | )   |                               |
|                                 | )   |                               |
|    Plaintiff-Appellee, | )   |                               |
|                                 | )   | ON APPEAL FROM THE UNITED     |
| v.                              | )   | STATES DISTRICT COURT FOR     |
|                                 | )   | THE NORTHERN DISTRICT OF      |
| JUSTIN MCKNIGHT,                | )   | OHIO                          |
|                                 | )   |                               |
|    Defendant-Appellant. | )   |                               |
|                                 | )   |                               |

BEFORE: GRIFFIN, WHITE, and NALBANDIAN, Circuit Judges.

PER CURIAM. Justin McKnight appeals his 135-month sentence for child pornography offenses. As set forth below, we **AFFIRM** McKnight's sentence.

McKnight pleaded guilty to an indictment charging him with receipt and distribution of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). McKnight's presentence report set forth a base offense level of 22, *see* USSG § 2G2.2(a)(2), with the following enhancements: a 2-level increase for material involving a prepubescent minor or a minor who had not attained the age of 12 years, *see* USSG § 2G2.2(b)(2); a 4-level increase for material portraying the sexual abuse or exploitation of an infant or toddler, *see* USSG § 2G2.2(b)(4); a 2-level increase for the use of a computer or an interactive computer service, *see* USSG § 2G2.2(b)(6); and a 5-level increase for an offense involving more than 600 images, *see* USSG § 2G2.2(b)(7)(D). After a 3-level reduction for acceptance of responsibility, *see* USSG

§ 3E1.1, McKnight's total offense level became 32, which, along with his criminal history category of II, corresponded to a guidelines range of 135 to 168 months of imprisonment. McKnight did not object to the presentence report's guidelines calculation, which the district court adopted. Determining that a within-guidelines sentence was appropriate, the district court sentenced McKnight to 135 months of imprisonment followed by five years of supervised release.

In this timely appeal, McKnight argues that the district court failed to conduct a meaningful analysis of his personal history and characteristics and the nature and circumstances of his offenses pursuant to 18 U.S.C. § 3553(a). We review criminal sentences for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010). Although McKnight does not specify the nature of his challenge to his sentence, he raises a claim of procedural error. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A sentencing explanation satisfies the requirements of procedural reasonableness if the sentencing judge "set[s] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). When the district court imposes a within-guidelines sentence, as in this case, "the question is whether '[t]he record makes clear that the sentencing judge listened to each argument,' 'considered the supporting evidence,' was 'fully aware' of the defendant's circumstances and took 'them into account' in sentencing him." *United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (en banc) (quoting *Rita*, 551 U.S. at 358). Because McKnight failed to object to the adequacy of the district court's analysis when given the opportunity to do so at the conclusion of the sentencing hearing, we review for plain error. *Id.* at 385–86.

McKnight has not shown any error, let alone plain error, in the district court's analysis of the relevant § 3553(a) factors and explanation of the chosen sentence. McKnight contends that

the district court failed to conduct a meaningful evaluation of certain circumstances, including his insight into his offenses, his expressions of remorse, his deletion of images of child pornography from his electronic devices, his limited criminal history, the absence of any psychologically based sex-offender evaluation or testing, his above-average level of education, his substantial family support, and his successful drug and alcohol treatment. At the outset of the sentencing hearing, the district court referenced McKnight's presentence report and his sentencing memorandum, which addressed these issues. The district court questioned McKnight about his child pornography offenses and about his successful recovery from his heroin addiction, which the district court characterized as "pretty impressive." Before announcing the chosen sentence, the district court stated:

> I take into consideration everything that you've done up until the time of your arrest and then everything that you've done since your arrest. And some of the things you have done since your arrest have been positive. You have a wonderful support group of people who are here and wrote letters on your behalf. You've seemed to have taken complete and full responsibility for your conduct, so I'm going to give you credit for all of that.

The district court concluded that a sentence at the bottom of the guidelines range was appropriate. The record reflects that the district court considered McKnight's history and characteristics and the nature and circumstances of his offenses and adequately explained the 135-month sentence.

McKnight's brief can be construed as also raising a substantive reasonableness challenge to his sentence—that the district court placed too much weight on the guidelines. *See United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir.) (holding that a claim that a sentence is substantively unreasonable is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual"), *cert. denied*, 139 S. Ct. 264 (2018). We apply a rebuttable presumption of substantive reasonableness to McKnight's within-guidelines sentence. *See Vonner*, 516 F.3d at 389.

McKnight raises various arguments about USSG § 2G2.2, the sentencing guideline applicable to child pornography offenses.[1]  McKnight first argues that the guideline is "not the product of extended research" by the sentencing commission and is "not based upon hard scientific examination and conclusions."  We have repeatedly rejected the argument that "§ 2G2.2's purported lack of empirical grounding makes it unfit for deference." *United States v. Cunningham*, 669 F.3d 723, 733 (6th Cir. 2012) (citing cases); *see United States v. Lynde*, 926 F.3d 275, 280 (6th Cir.), *cert. denied*, 140 S. Ct. 326 (2019).  McKnight also asserts that there is an "overarching trend" of district courts imposing sentences below the guidelines range in child pornography cases. But "the fact that a district court *may* disagree with a Guideline for policy reasons and *may* reject the Guidelines range because of that disagreement does not mean that the court *must* disagree with that Guideline or that it *must* reject the Guidelines range if it disagrees." *United States v. Brooks*, 628 F.3d 791, 800 (6th Cir. 2011).  McKnight notes that he received a 5-level enhancement because his offense involved 600 or more images and that video clips are considered to have 75 images, *see* USSG § 2G2.2(b)(7)(D) cmt. n.6(B)(ii); however, he fails to raise any specific objection to the 75-images-per-video ratio.  McKnight next contends that the 4-level enhancement for material portraying "sadistic or masochistic conduct or other depictions of violence" under USSG § 2G2.2(b)(4)(A) is overly broad.  But McKnight received the 4-level enhancement for material portraying "sexual abuse or exploitation of an infant or toddler" under USSG § 2G2.2(b)(4)(B), not for material portraying sadistic or masochistic conduct.  Finally, McKnight argues that the 2-level enhancement for use of a computer or an interactive computer service under USSG § 2G2.2(b)(6) "has become virtually automatic", an argument that we have repeatedly rejected.

---

[1]The government contends that McKnight waived his arguments related to the applicability of these enhancements.  At most, McKnight argues these points in a cursory fashion.  And he did not file a reply brief to respond to the government's arguments.  But even though he arguably waived consideration of these claims, they fail under plain error review anyway.

*See United States v. Walters*, 775 F.3d 778, 786–87 (6th Cir. 2015) (rejecting "arguments that the computer enhancement should not be used simply because it is applied frequently"). The district court's application of USSG § 2G2.2 did not render McKnight's sentence substantively unreasonable. *See Lynde*, 926 F.3d at 279–82.

The district court considered the guidelines range along with the other relevant § 3553(a) factors and imposed a sentence at the bottom of the guidelines range. McKnight has not overcome the presumption that his within-guidelines sentence was substantively reasonable.

For these reasons, we **AFFIRM** McKnight's sentence.