NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0256n.06

No. 16-3992

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 04, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| WILLIAM LESTER, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

Before: DAUGHTREY, MOORE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. William Lester appeals his 180-month sentence for distribution and receipt of child pornography. We affirm.

In 2013, Lester exchanged child pornography with at least nine people via email. In many cases, Lester sent the first message, asking what kind of pornography the other person preferred and whether he or she was willing to trade. Lester and his trading partners then swapped photos and videos that filled each other's requests. In total, Lester sent or received at least 70 photos and 14 videos—many of which depicted children under 12, including several that showed those children being raped by adults.

Lester thereafter pled guilty to distribution and receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). At sentencing, the district court first applied USSG § 2G2.2 and then applied five enhancements, including two to which Lester objected—the enhancements for trafficking in "material involv[ing] a prepubescent minor," § 2G2.2(b)(2), and "use of a computer," § 2G2.2(b)(6). Lester's lawyer argued that the resulting guidelines range was too

high, and that, in similar cases in the Northern District of Ohio, other judges had imposed below-guidelines sentences. The court refused to deviate from the guidelines on those grounds, but agreed to reduce Lester's total offense level because Lester's father had not been present when he was growing up. With that reduction, Lester's guideline range was 168 to 210 months' imprisonment. The district court sentenced him to 180 months. Lester appealed.

We review sentences for reasonableness under a deferential abuse-of-discretion standard. *United States v. Callahan*, 801 F.3d 606, 626 (6th Cir. 2015). Lester argues that the district court should not have applied the enhancements for trafficking in "material involv[ing] a prepubescent minor," § 2G2.2(b)(2), or "use of a computer," § 2G2.2(b)(6). According to Lester, the enhancements are "redundant" because they punish "inherent component[s] of the underlying crime." Appellant's Br. at 7. But a defendant can violate § 2252(a)(2) without using a computer and without trafficking in images of children under 12. *United States v. Lewis*, 605 F.3d 395, 402-03 (6th Cir. 2010) ("we cannot say that computer use is an element of the crime"); *United States v. Klepper*, 520 F. App'x 392, 393 (6th Cir. 2013) (same for trafficking in images of prepubescent minors). Lester also asserts that, since the enhancements apply in more than 95% of child-pornography cases, they are not "true aggravating factor[s]." Appellant's Br. at 7. But so long as "the harm [an enhancement] addresses is real," the enhancement is valid, no matter how often it applies. *United States v. Walters*, 775 F.3d 778, 787 (6th Cir. 2015). That is all the more true here, given that the Sentencing Commission expressly recognized that the two enhancements would apply in almost every case—and set a lower base offense level as a result. USSG app. C, amend. 664, pp. 58-59. The district court was correct to apply the two enhancements.

Lester next argues that his sentence punishes him more harshly than the average producer of child pornography, and even the average child molester. As an initial matter, Lester presents little basis (other than 1996 statistics) to support the premise of his argument. And here Lester's sentence is long because the district court found that his conduct was depraved enough to warrant five separate enhancements, including one for trading images that depict child rape. USSG § 2G2.2(b)(4). Lester's argument is meritless.

Finally, Lester argues that the district court should have sentenced him below the guidelines range because other judges in the Northern District of Ohio regularly do so in child-pornography cases. But the relevant disparity yardstick is not the Northern District of Ohio. Title 18 U.S.C. § 3553(a)(6) requires district courts to "avoid unwarranted sentence disparities"; but that requirement's purpose is to promote national, not local, sentencing uniformity. *United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2008). Thus, even if a district court acknowledges that a local disparity exists, the court is not obligated to reduce the defendant's sentence as a result. *United States v. Blackie*, 548 F.3d 395, 400 (6th Cir. 2008). The district court did not abuse its discretion by sentencing Lester with the guidelines range here.

The district court's judgment is affirmed.