NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW HANSON,

Defendant - Appellant.

No.    16-30029

D.C. No. 6:13-cr-00378-AA-1

MEMORANDUM*

On Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted May 11, 2017**
Portland, Oregon

Before:  BYBEE and HURWITZ, Circuit Judges, and ZOUHARY,*** District Judge.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***      The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Matthew Hanson pled guilty to possession and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2), (a)(5)(B), (b)(1), (b)(2). He now challenges his 87-month sentence, claiming that (1) the district court procedurally erred by applying a Guidelines enhancement for 300 images, *see* U.S.S.G. § 2G2.2(b)(7)(C) & cmt. 6(B)(ii), counting each of the 4 videos Hanson possessed as 75 images; (2) the district court violated the First Amendment by considering the content of his chats with an undercover agent; and (3) the sentence was substantively unreasonable in light of a mandatory-minimum 60-month sentence given to another defendant previously convicted of the same crimes. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not procedurally err by applying the 300-image enhancement. A district court procedurally errs in this context only "when it fails to appreciate its . . . discretion to vary from the child pornography Guidelines based on a categorical policy disagreement with them." *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011). Although a district court must not treat the Guidelines as mandatory, it is "not obligated to vary from the child pornography Guidelines on policy grounds if [it does] not have, in fact, a policy disagreement with them." *Id.*

Here, the district court recognized its discretion to depart from the Guidelines,

which the court specifically stated were advisory. Indeed, the court departed from the Guidelines based on its disagreement with the facially applicable computer-use enhancement. *See* U.S.S.G. § 2G2.2(b)(6). Moreover, the record confirms that the district court *agreed* with the Guidelines' policy of counting each video as having 75 images, explaining that videos and movies should be weighed much more heavily than photos or pictures. *Id.* § 2G2.2(b)(7)(C) & cmt. 6(B)(ii). The district court was not required to vary from the Guidelines merely because it acknowledged the same general lack of empirical support for the child pornography Guidelines that the court identified in *Henderson*. *See* 649 F.3d at 962–63.

2. The district court did not violate the First Amendment by considering the content of Hanson's chats with the undercover agent. The First Amendment bars consideration of "a defendant's abstract beliefs at a sentencing when those beliefs have no bearing on the issue being tried." *Dawson v. Delaware*, 503 U.S. 159, 168 (1992). *See also United States v. Curtin*, 489 F.3d 935, 953–54 (9th Cir. 2007) (en banc). ("[T]he Supreme Court has held on many occasions in other contexts that opinions and other information that otherwise might be entitled to First Amendment protection are not immune from discovery and use as evidence in court, as long as they are relevant to an issue in a given case.")

3

Hanson was sentenced for, among other things, distributing child pornography through online chats with the undercover agent. Thus, the content of the chats is relevant to "the circumstances of the offense." 18 U.S.C. § 3553(a)(1). In those chats, Hanson expressed a desire to sexually assault a minor, requested pornographic images of the agent's (fictitious) 8-year-old daughter, and attempted to arrange a meeting with the agent and that daughter for a shared sexual experience. The content of the chats is therefore also relevant to evaluating the danger Hanson poses to the public. 18 U.S.C. § 3553(a)(2)(C). Thus, there was no violation of the First Amendment. *See Dawson*, 503 U.S. at 165–68; *Curtin*, 489 F.3d at 953–54.

3. Hanson's 87-month sentence, which was at the low end of the Guidelines range of 87–108 months, was substantively reasonable. The district court appropriately considered the section 3553(a) factors and did not commit "a clear error of judgment in the conclusion it reached." *United States v. Christensen*, 828 F.3d 763, 820 (9th Cir. 2016) (quoting *United States v. Ressam*, 679 F.3d 1069, 1087 (9th Cir. 2012) (en banc)).

Hanson's contention that his sentence is substantively unreasonable because a lighter sentence was given in another case to a defendant who was sentenced for possessing and distributing child pornography lacks merit. As we have repeatedly

4

held, a district court is "not required to conform the sentence to those imposed in similar cases." *United States v. Kahre*, 737 F.3d 554, 583 (9th Cir. 2013) (quoting *United States v. Burgum*, 633 F.3d 810, 813–14 (9th Cir 2011)). *See also United States v. Treadwell*, 593 F.3d 990, 1011 (9th Cir. 2010) ("A district court need not, and, as a practical matter, cannot compare a proposed sentence to the sentence of every criminal defendant who has ever been sentenced before.")

**AFFIRMED.**