**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0301n.06

Case No. 19-3713

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

May 28, 2020

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| MATTHEW PFISTER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: GRIFFIN, THAPAR, and READLER, Circuit Judges.

THAPAR, Circuit Judge. Matthew Pfister possessed over a thousand pictures and over a hundred videos of child pornography. He uploaded many of them to a popular file-sharing program and made them publicly available for all to access. These included a video of an adult man in a clown mask raping a screaming prepubescent girl and multiple videos of prepubescent children engaging in bestiality.

Pfister pled guilty to receipt and transportation of child pornography. The sentencing guidelines recommended 151 to 188 months' imprisonment. The district court ultimately sentenced him to 160 months.

Pfister now claims that the district court (1) improperly applied a sentencing enhancement for use of a computer, and (2) imposed a substantively unreasonable sentence. Neither argument has merit.

Although Pfister does not distinguish between the two, we review a sentence for both procedural and substantive reasonableness. *See United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019).

Start with procedure. Pfister argues that the district court erred by applying a sentencing enhancement for defendants who use a computer to possess or transport child pornography. *See* U.S.S.G § 2G2.2(b)(6). He believes the enhancement is inherently unreasonable because it applies to the vast majority of child pornography cases.

But as Pfister acknowledges, this argument is foreclosed by binding precedent. *See United States v. Lynde*, 926 F.3d 275, 278 (6th Cir. 2019) (explaining that this circuit has "repeatedly rebuffed" this argument); *United States v. Walters*, 775 F.3d 778, 786 (6th Cir. 2015) (rejecting this argument on "multiple bases"); Appellant Br. at 8 n.1 (conceding this point). We have held that "[t]he enhancement remains relevant—regardless of its frequency of application—because the harm it addresses is real." *Walters*, 775 F.3d at 787. Photos and videos put online last forever. That makes victims of online child pornography victims for life. Not only that—online images and videos reach more people than they otherwise ever could. Our decisions have recognized that the computer enhancement reflects this incredible and enduring harm. *See id.* No different here.

So we move on to substance. Because the district court's sentence falls within the guidelines range, we presume it is reasonable. *See United States v. Brogdon*, 503 F.3d 555, 559 (6th Cir. 2007). To overcome that presumption, Pfister argues that the sentencing guidelines are too harsh on child pornography crimes in general.

Yet as the district court recognized, our circuit has already considered and rejected Pfister's arguments. *See United States v. Bistline*, 665 F.3d 758 (6th Cir. 2012); R. 31, Pg. ID 1262 ("*Bistline* is controlling."). That decision held that a sentence was too *lenient* where the district

court applied reasoning of the kind Pfister suggests. And although we noted that a district court *may* disagree with the child pornography sentencing guidelines, we made clear that we would "scrutinize closely its reasons for doing so." *Bistline*, 665 F.3d at 761 (cleaned up). Certainly, nothing *requires* a district court to disregard the sentencing guidelines.

Without more than these already-rejected policy arguments, Pfister cannot show that the district court imposed an unreasonable sentence.

We affirm.