NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0290n.06

No. 23-5674

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jul 03, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| VERNELL MOORE, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

_____

Before:  GRIFFIN, NALBANDIAN, and BLOOMEKATZ, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Vernell Moore pleaded guilty to conspiring to distribute methamphetamine, and the district court sentenced him to 108 months' imprisonment. He appeals his within-Guidelines sentence, arguing that it is procedurally and substantively unreasonable. We disagree and affirm.

The relevant facts are straightforward. Moore was part of a conspiracy that shipped methamphetamine from California to Tennessee. Law enforcement intercepted one of the conspiracy's packages containing methamphetamine, which Moore admitted he was supposed to pick up and deliver to a co-conspirator. He then pleaded guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.

At sentencing, the district court found Moore responsible for three kilograms of actual methamphetamine, resulting in a Guidelines range of 108 to 135 months' imprisonment.

After weighing the 18 U.S.C. § 3353 factors, the district court sentenced Moore to a bottom-of-the-Guidelines term of 108 months' imprisonment. Moore timely appealed.

We review sentences for reasonableness, using an abuse-of-discretion standard. *United States v. Jeross*, 521 F.3d 562, 569 (6th Cir. 2008). "Reasonableness review has both substantive and procedural components." *United States v. Keller*, 498 F.3d 316, 322 (6th Cir. 2007). The procedural component requires us to ensure that the district court: "(1) properly calculated the applicable advisory Guidelines range; (2) considered the other [18 U.S.C.] § 3553(a) factors as well as . . . arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen." *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). In evaluating the procedural reasonableness of a defendant's sentence, "we review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Angel*, 576 F.3d 318, 320 (6th Cir. 2009). And the substantive component requires us to consider whether a defendant's sentence "is too long" because the district court "placed too much weight on some of the § 3553(a) factors and too little on others." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). A within-Guidelines sentence is presumptively reasonable. *United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc).

Moore's procedural-reasonableness argument is simple: he contends that the district court, as other courts have done, should not have followed the Guidelines' 10:1 ratio that treats pure methamphetamine ten times more severely than a methamphetamine mixture. *See*, *e.g.*, *United States v. Johnson*, 379 F. Supp. 3d 1213, 1226 (M.D. Ala. 2019) (rejecting the ratio on policy-disagreement grounds). But a district court is not required to vary from the Guidelines based on a policy disagreement with the 10:1 ratio. *United States v. Allen*, 93 F.4th 350, 359–60 (6th Cir. 2024). Indeed, "although a district court *may* take this policy disagreement into consideration, it is

within the court's discretion not to do so." *United States v. Kennedy*, 65 F.4th 314, 326 (6th Cir. 2023); *see also United States v. Mosley*, 53 F.4th 947, 965 (6th Cir. 2022) ("[The defendant's] challenge to the 10:1 methamphetamine-mixture ratio amounts to little more than a policy disagreement with the Guidelines, which the district court had discretion to reject."). And "a district court cannot be said to have abused its discretion merely because it *followed*" the Guidelines. *United States v. Lynde*, 926 F.3d 275, 280 (6th Cir. 2019). Such is the case here.

The district court chose to follow the Guidelines' 10:1 ratio after careful reflection. It considered whether the ratio could be explained based on the view that actual methamphetamine is closer to the source than less-pure mixtures, thereby making someone in possession of actual methamphetamine more culpable than someone with a mixture (and thus further down the distribution chain). Despite questioning that rationale, the district court decided to follow the Guidelines because purer methamphetamine could be cut into many more doses than a less-pure mixture, making it more dangerous to the community. The district court also found it notable that the Sentencing Commission "has been aware of" the discrepancy at issue "for quite some time" but "has not seen fit to make a change."

This is not a situation in which the district court rotely imposed a within-Guidelines sentence. Instead, the district court evaluated whether it should apply the Guidelines' 10:1 ratio and reasonably decided to do so. It therefore acted well within its discretion when rejecting Moore's policy challenge to the 10:1 ratio, making his sentence procedurally reasonable. *See Kennedy*, 65 F.4th at 326.

Moore's substantive-reasonableness challenge fares no better. The district court explicitly weighed each of the § 3553(a) factors at sentencing. When doing so, it addressed the large amount of methamphetamine at issue and the negative effects the drug could have on society. It also found

relevant that Moore used a code word when trafficking drugs, which it believed suggested a higher level of culpability than an average, low-level drug courier. The district court balanced these aggravating factors against mitigating ones, including Moore's limited criminal history, age (45 years old), contribution to the community as a Mason, and health issues. Even so, the district court concluded that a within-Guidelines sentence of 108 months was appropriate.

Moore's attempt to rebut the presumption of reasonableness that we afford his within-Guidelines sentence is unpersuasive. *Vonner*, 516 F.3d at 390. He argues that the district court improperly asked the prosecutor at sentencing about how many doses could come from the three kilograms of methamphetamine for which Moore was responsible. Yet he did not object to that question at sentencing and even now does not contest the accuracy of the prosecutor's answer or point to any legal authority suggesting that this question was improper. In any event, the prosecutor opined that the methamphetamine Moore was responsible for could be cut into 6,000 to 15,000 doses. Based on our caselaw, that was a very conservative estimate: "[a]n average 'dose' of methamphetamine weighs between one-tenth and one-quarter of a gram," which would result in between 12,000 and 30,000 doses here. *United States v. Potter*, 927 F.3d 446, 448 (6th Cir. 2019). Regardless of which estimate is used, the record shows this was a serious offense given the large amount of methamphetamine at issue.

Moore also contends that the district court should have given more attention to his health issues. To be sure, the district court spent little time at sentencing on Moore's health, noting that Moore's health issues were similar to or less severe than many other defendants brought before the court. But it nevertheless acknowledged that Moore "has legitimate health issues" such that it "accommodated" him "by allowing him to be seated" during sentencing. The district court also allowed Moore to wait nearly four months after sentencing to report to prison so he could receive

additional medical care.  So it understood that Moore had health issues but still concluded that those issues did not outweigh his serious crime to warrant a below-Guidelines sentence.  That was not an abuse of discretion.

For these reasons, we affirm Moore's sentence.