NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0513n.06

No. 24-5071

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Dec 10, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| CHRISTOPHER TERRY, | ) | |
| Defendant-Appellant. | ) | OPINION |

Before: KETHLEDGE, LARSEN, and MATHIS, Circuit Judges.

KETHLEDGE, Circuit Judge. Defendant Christopher Terry challenges the reasonableness of his 327-month sentence for two child-pornography offenses. We reject his arguments and affirm.

I.

On November 9, 2021, an undercover FBI agent was monitoring messages in a group chat when he saw a user, later identified as Christopher Terry, post a link to at least 23 videos that contained child sexual-abuse material. Of those videos, one showed an adult male having vaginal sex with a seven-year-old girl as she cried and yelled; three others involved sexual abuse of toddlers; and another depicted bestiality with a seven- or eight-year-old girl. Also, at the time of his arrest in July 2022, Terry had two videos and four images of sexual abuse of prepubescent girls on his cellphone and an image of sexual abuse of underage boys on a thumb drive found in his apartment.

Terry thereafter pled guilty to both distribution of child pornography and possession of child pornography. *See* 18 U.S.C. § 2252A(a)(2) and (a)(5)(B). Terry had two prior federal convictions—one for using a computer to entice a child (specifically a four-year-old girl) to engage in sexual activity, another for possession of child pornography, *see* 18 U.S.C. § 2252A(b)—for which he was sentenced to 97 months' imprisonment in 2005. Terry was released in 2011 and thereafter violated the terms of his supervised release four different times—including twice for viewing child pornography in a public library and once for failing a polygraph exam required by his counseling program—for which he was sentenced to a total of an additional 36 months in prison. In this case, based in part on all that criminal history, the probation officer calculated a total offense level of 41 and an uncontested criminal history category of IV—which yielded a guidelines range of 360 to 720 months. Terry lodged several objections to that guidelines range and filed a motion for a downward variance. The government opposed both.

At sentencing, the district court sustained Terry's objections to two enhancements (not at issue here) and granted a further one-level reduction for acceptance of responsibility (on the government's motion). The district court thus reduced Terry's total offense level to 36 and calculated a new guidelines range of 262 to 327 months. Terry did not object to that guidelines range, but urged the court to vary downward to a sentence of 210 months.

Specifically, Terry (through his counsel) first urged the court to vary downward based on Terry's acceptance of responsibility, his own history of sexual abuse as a child, and his past participation in sex-offender counseling. Terry also argued, as he had in the motion, that the child-pornography guidelines for non-production offenses—U.S.S.G. § 2G2.2—required application of four enhancements in most cases, which in his view made that guideline suspect. Terry also cited data from the Sentencing Commission, showing that judges varied downward in more than half of

cases sentenced in which § 2G2.2 applied. *See* U.S. Sentencing Comm'n, *Quick Facts: Child Pornography Offenders* (2022). The district court recognized Terry's policy arguments "based on the Sentencing Commission's report, data and recommendations" about "a general heartland of defendants." But the court was not persuaded to vary downward, explaining in detail why Terry was not a typical child-pornography offender: Terry had two prior child-sex crimes (enticement and possession of child pornography); he had violated his supervised release at least four times (three times for again viewing child pornography); and he had admitted to "hands-on" sexual abuse of two teenage girls. During allocution, Terry expressed remorse, admitted to being addicted to sex and child pornography, and reiterated his desire for treatment.

The district court then proceeded to discuss the relevant sentencing factors from 18 U.S.C. § 3553(a), observing (among other things) that "Mr. Terry's extensive record of child sex crimes and disrespect for the law is shocking and dangerous." The court concluded that a sentence at the top of the guidelines range—327 months—would be "sufficient, but not greater than necessary," to satisfy the purposes of sentencing, and that a lesser sentence "would fail to reflect the damage that Mr. Terry has caused to his child victims and the danger to the community that he continues to present."

Accordingly, the district court imposed concurrent prison sentences of 327 months for distribution and 240 months for possession of child pornography, to be followed by lifetime supervision. The court then asked if Terry's counsel had any remaining objections, *see United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004); his counsel objected (as relevant here) that the court had overlooked other factors, including the "disparity" created by Terry's sentence "as evidenced by sentencing statistics." In response, the district court explained, again, that Terry's long history of child-sex offenses put him "outside of the heartland of those guidelines."

This appeal followed.

## II.

We generally review the procedural and substantive reasonableness of Terry's sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007).

### A.

Terry argues that the district court did not adequately explain its reasons for rejecting his argument for a downward variance based on putative flaws in the child-pornography guidelines. When a defendant makes a non-frivolous argument in support of a lower sentence, the record must show that the district court considered that argument and gave a reasoned basis for rejecting it. *United States v. Gunter*, 620 F.3d 642, 645-47 (6th Cir. 2010).

Here—more than once—the district court expressly addressed Terry's request that the court vary downward based on the Sentencing Commission's reports, data, and recommendations concerning § 2G2.2. The court did not overlook Terry's arguments about § 2G2.2; instead, it deemed those arguments inapposite in Terry's case, given his long history as "a serial child sex crime offender." PageID 525; *see also* PageID 509, 527, 535. The record makes clear that the district court both considered Terry's arguments about § 2G2.2 and gave a reasoned basis for rejecting them. *See Rita v. United States*, 551 U.S. 338, 356 (2007).

### B.

Terry also argues that his sentence is substantively unreasonable. We presume otherwise, given that his sentence was within his guidelines range. *United States v. Graham*, 622 F.3d 445, 464 (6th Cir. 2010). A sentence is substantively unreasonable if "the court places too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018).

Terry argues that sentences calculated under § 2G2.2 are "likely to be unreasonable" because four of its six enhancements apply in most cases and, therefore, do not adequately distinguish among more and less culpable offenders. Appellant Br., p. 27-29. But this court has expressly rejected the same "wholesale" challenge to the reasonableness of sentences to which § 2G2.2 applies. *See United States v. Lynde*, 926 F.3d 275, 279-80 (6th Cir. 2019). Moreover, § 2G2.2's enhancements were mandated by Congress, exercising its legislative power directly; and those enhancements reflect "a retributive judgment that certain crimes are reprehensible and warrant serious punishment as a result." *United States v. Bistline*, 665 F.3d 758, 764 (6th Cir. 2012). Nor has Terry demonstrated that judgment to be unreasonable: that most child-pornography defendants possess images of young children being sexually abused, and of violent or sadistic conduct, and more than 600 such images (*see* U.S.S.G. § 2G2.2(b)(2), (b)(4), and (b)(7)(D)), does not mean those defendants should therefore receive lesser sentences. To the contrary, that means that such defendants are in fact highly culpable. Defendants who commit serious crimes do not get a break simply because many other defendants commit those same crimes too. The § 2G2.2 enhancements are valid if the harms they address are real—no matter how often those enhancement apply. *United States v. Walters*, 775 F.3d 778, 786-87 (6th Cir. 2015). And Terry has not shown that the harms addressed in § 2G2.2 are not anything but real for the children depicted in these images and videos. *See Bistline*, 665 F.3d at 766.

Nor, as our court has already explained, do the Sentencing Commission's criticism of those enhancements make § 2G2.2's enhancements "invalid or illegitimate." *Lynde*, 926 F.3d at 281 (citation omitted) (collecting cases). Here, the district court applied the § 2G2.2 enhancements to Terry's offenses and rejected his contention that the resulting offense level overstated his culpability in this case. That did not make Terry's sentence substantively unreasonable.

That leaves Terry's argument that the district court put too much weight on "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(2)(A), and too little on mitigating factors, such as his "age, his inability to obtain proper treatment, his history of abuse, and sentencing disparities." Appellant Br. at 25. Suffice it to say that the court addressed all those factors and gave considered reasons for balancing them as it did. The decision about what weight to put on a given factor is "a matter of reasoned discretion, not math, and our highly deferential review of a district court's sentencing decisions reflects as much." *Rayyan*, 885 F.3d at 442. Terry's sentence was substantively reasonable.

*     *     *

The district court's judgment is affirmed.